FILED
CLERK

09 NOV -4 PM 12: 32

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

---

CARL MATZEN on behalf of himself and all
others similarly situated,

Plaintiff.

v.

CORWOOD LABORATORIES, INC.,

Defendant.

09 CV 4783

**CLASS ACTION COMPLAINT**

Case No. 09-

SPATT, J.
WALL, M.J.

---

Plaintiff Carl Matzen ("Plaintiff") alleges on his own behalf and the class of those similarly situated as follows:

<u>**NATURE OF THE ACTION**</u>

1.      The Plaintiff brings this action on behalf of himself, and the other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the result of, mass layoffs or plant closings ordered by Defendant on or about October 6, 2009 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*, and 90 days advance written notice of their terminations by Defendant, as required by the New York Worker Adjustment and Retraining Notification Act ("NY WARN Act") New York Labor Law ("NYLL") § 860 *et seq.* (cumulatively the "WARN Acts").  Plaintiff also brings this action on behalf of himself, and the other similarly situated former employees who Defendant failed to pay accrued vacation wages in direct violation of the provisions of New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

2.      Plaintiff and all similarly situated employees seek to recover 60 days wages benefits, pursuant to 29 U.S.C. § 2104 and NYLL § 860-(G)(2), from Defendant.  Defendant is liable under the WARN Acts for Defendant's failure to provide Plaintiff and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Acts.  Defendant is also liable to pay unpaid wages for accrued vacation under New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 2104(a)(5).

4.      The Plaintiff resides in this district.

5.      Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5) and NYLL § 860-G(7).

## THE PARTIES

### *Plaintiff*

6.      Plaintiff Carl Matzen resides in the county of Suffolk, New York.

7.      Plaintiff Matzen was employed by Defendant, and worked at the Defendant's facility located at 55 Adams Avenue, Hauppauge, New York (the "Hauppauge Facility") until his termination on or about October 6, 2009.

### *Defendant*

8.      Upon information and belief at all relevant times, Defendant maintained and operated its business at Hauppauge Facility and maintained and operated additional facilities, as that term is defined by the WARN Acts (collectively the "Facilities").

9.     Upon information and belief and at all relevant times, Defendant Corwood Laboratories Inc., is a New York company with its principal place of business located at 55 Arkay Drive, Hauppauge, New York and conducted business in this district.

10.     Until on or about October 6, 2009 the Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to one of its Facilities.

11.     Upon information and belief and at all relevant times, Defendant, owned and operated the Hauppauge Facility and additional facilities in New York.

12.     Until October 6, 2009, the Plaintiff and the other similarly situated former employees were employed by Defendant and worked at or reported to one of the Facilities.

13.     Upon information and belief, the Defendant made the decision to terminate the employees.

## WARN CLASS ALLEGATIONS

14.     Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and was terminated without cause on or about October 6, 2009, and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about October 6, 2009, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

15.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such

persons is unknown, it is estimated to exceed 100, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

16.     On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

17.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

18.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

> (a)     whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;
>
> (b)     whether Defendant, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and
>
> (c)     whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

19.     The Plaintiff's claim is typical of those of the WARN Class.  The Plaintiff, like other WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated without cause on or about October 6, 2009, due to the mass layoffs and/or plant closings ordered by Defendant.

20.     The Plaintiff will fairly and adequately protect the interests of the WARN Class. The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

21.     Class certification of these claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

22.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

23.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## NEW YORK WARN ACT CLASS ALLEGATIONS

24.     Plaintiff brings the Second Claim for Relief for violation of NYLL § 860 *et seq.*, on behalf of himself and a class of similarly situated persons pursuant to NYLL § 860-G (7) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about October 6, 2009, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about October

6, 2009, and who are affected employees, within the meaning of NYLL § 860-A (1),(4) and(6) (the "NY WARN Class")

25.     The persons in the NY WARN Class identified above ("NY WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

26.     On information and belief, the identity of the members of the class and the recent residence address of each of the NY WARN Class Members is contained in the books and records of Defendant.

27.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each NY WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

28.     Common questions of law and fact exist as to members of the NY WARN Class, including, but not limited to, the following:

       (a)     whether the members of the NY WARN Class were employees of the Defendant who worked in a covered site of employment of Defendant;

       (b)     whether Defendant, unlawfully terminated the employment of the members of the NY WARN Class without cause on their part and without giving them 90 days advance written notice in violation of the WARN Act; and

       (c)     whether Defendant unlawfully failed to pay the NY WARN Class members 60 days wages and benefits as required by the WARN Act.

29.     The Plaintiff's claim is typical of those of the NY WARN Class.  The Plaintiff, like other NY WARN Class members, worked at or reported to one of Defendant's Facilities and

was terminated on or about October 6, 2009, due to the termination of the Facilities ordered by Defendant.

30.     The Plaintiff will fairly and adequately protect the interests of the NY WARN Class. The Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the WARN Act, state laws similar to WARN, and employment litigation.

31.     Class certification of these Claims is appropriate under Fed.R. Civ.P. 23(b)(3) because questions of law and fact common to the NY WARN Class predominate over any questions affecting only individual members of the NY WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of NY WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual NY WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

32.     Concentrating all the potential litigation concerning the NY WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the NY WARN Act rights of all the members of the Class.

33.     Plaintiff intends to send notice to all members of the NY WARN Class to the extent required by Rule 23.

## NEW YORK VACATION PAY ALLEGATIONS

34.     Plaintiff brings the Third Claim for Relief for violation of NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.* on behalf of himself and a class of similarly situated persons pursuant and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without being paid wages for accrued vacation pursuant to Defendant's policies and NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq* (the "Vacation Pay Class").

35.     On information and belief, the identity of the members of the class and the recent residence address of each of the Vacation Pay Class Members is contained in the books and records of Defendant.

36.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each Vacation Pay Class Member at the time of his/her termination is contained in the books and records of the Defendant.

37.     Common questions of law and fact exist as to members of the Vacation Pay Class, including, but not limited to, the following:

      (a)     whether the members of the Vacation Pay Class were employees of the Defendant who accrued vacation benefits under Defendant's policies;

      (b)     whether Defendant unlawfully failed to compensate the members of the Vacation Pay Class by not paying them wages for accrued unused vacation time; and

      (c)     whether Defendant unlawfully failed to pay the Vacation Pay Class members wages as required by the NYLL Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

38.     The Plaintiff's claim is typical of those of the Vacation Pay Class in that Defendant failed to compensate him for vacation he had accrued but not used.  The Plaintiff, like

other Vacation Pay Class members, was entitled to be paid for unused accrued vacation upon termination under Defendant's policies.

39.     On information and belief, the identity of the members of the class and the recent residence address of each of the Vacation Pay Class Members is contained in the books and records of Defendant.

40.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each Vacation Pay Class Member at the time of his/her termination is contained in the books and records of the Defendant.

41.     The Plaintiff will fairly and adequately protect the interests of the Vacation Pay Class.  The Plaintiff has retained counsel competent and experience in complex class actions, including the WARN Act and employment litigation.

## CLAIM FOR RELIEF

### WARN Act Cause of Action

42.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

43.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

44.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

45.     At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

46.     On or about October 6, 2009, the Defendant ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

47.     The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty –three percent of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

48.     The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

49.     The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

50.     Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

51.     Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

52.     The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

53.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

54.     The relief sought in this proceeding is equitable in nature.

## New York WARN Act Cause of Action

55.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.     At all relevant times, Defendant was an individual or private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facilities as defined by § 860-A(3),(4).

57.     On or about October 6, 2009, the Defendant ordered a mass layoff and/or plant closing at its Facilities as defined by § 860-A(3),(4).

58.     The New York Plaintiff and the Class Members suffered a termination of employment as defined by § 860-A(2)(C) having been terminated by Defendant without cause on their part.

59.     Defendant was required by the NY WARN Act to give the New York Plaintiff and the Class Members at least 90 days advance written notice of their terminations pursuant to § 860-B.

60.     Defendant failed to give the NY Plaintiff and the Class Members written notice that complied with the requirements of the NY WARN Act.

61.     Defendant failed to pay the NY Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

62.     The relief sought in this proceeding is equitable in nature.

**New York Labor Law: Unpaid Vacation Pay**

63.     Plaintiff realleges and incorporates by reference all preceding paragraphs.

64.     Defendant's failure to pay Plaintiff and the Vacation Pay Class their wages for unpaid vacation violates the New York Labor Law Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.*

65.     As a result of Defendant's willful failure pay wages for unpaid vacation — including Plaintiff and the Vacation Pay — Defendant has willfully failed to compensate Plaintiff and the Class for all hours worked.

66.     Due to Defendant's violations of New York Labor Law, Plaintiff and the Vacation Pay are entitled to recover from Defendant their unpaid wages, reasonable attorneys' fees, and the costs of the action, pursuant to New York Labor Law Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant, jointly and severally:

A.  Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and 29 U.S.C. § 2104(a)(5), Plaintiff and the other similarly situated former employees constitute a single class;

B.  Designation of the Plaintiff as Class Representative;

C.  Appointment of the undersigned attorneys as Class Counsel;

D.  A judgment in favor of the Plaintiff and each of the "affected employees" equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for

60 days, that would have been covered and paid under the then-applicable employee

benefit plans had that coverage continued for that period, all determined in

accordance with the WARN Acts, 29 U.S.C. § 2104(a)(1)(4 and NYLL § 860-G(7).

E.  Interest as allowed by law on the amounts owed under the preceding paragraph;

F.  Plaintiff's reasonable attorneys' fees and the costs and disbursements that the Plaintiff

incurred in prosecuting this action, as authorized by the WARN Acts, 29 U.S.C. §

2104(a)(6) and NYLL § 860-G(7);

G.  A judgment in favor of the Plaintiff and similarly situated employees for unpaid

vacation wages pursuant to N.Y. Lab. Law Art. 6, §§ 190 *et seq.*, Article 19, §§ 650

*et seq.*, and the supporting New York State Department of Labor regulations, plus

attorneys' fees and costs of the action; and

H.  Such other and further relief as this Court may deem just and proper.


Dated:  November 4, 2009

                                        Respectfully submitted,

                        By:             _____
                                        Jack A. Raisner
                                        René S. Roupinian
                                        **Outten & Golden LLP**
                                        3 Park Avenue, 29th Floor
                                        New York, New York 10016
                                        Telephone:  (212) 245-1000
                                        Email: jar@outtengolden.com
                                        Email: rroupinian@outtengolden.com

                                        *Attorneys for Plaintiff and the putative Class*


13